# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 20 CR 245

SERGIO ALBERTO ORNELAS-ORTEGA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTIONS FOR SENTENCE REDUCTIONS

THIS MATTER comes before the Court upon Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) in Light of Retroactive Effect of Amendment 782, filed April 11, 2022 **(Doc. 35)** and Defendant's Motion for Sentence Release Under the Federal Bureau of Prisons ("BOP") Non-Violent Offender Relief Act of 2002, also filed on April 11, 2022 **(Doc. 36).** Having reviewed the motions and a response by the United States Probation Office (Doc. 37), the Court finds that both motions lack merit and will be denied.[1]

**I.    Defendant is Not Eligible For Relief Under Amendment 782**

Amendment 782 is a retroactive amendment to the federal sentencing guidelines which revised the Drug Quantity Table and chemical quantity table across drug and chemical types in U.S.S.G §2D1.1 and resulted in a lowering of the base offense level for most crimes by two levels. This revision was adopted by the United States Sentencing Commission ("U.S.S.G.") effective November 1, 2014. *See* USSG Supp. to App. C, Amendments 782, 788 (2016). Through the operation of §3582(c)(2), Amendment 782 may serve as the basis for a sentence

---

[1] The United States Probation Office contacted the United States Attorney's Office, which indicated that it concurs that Defendant is not eligible for either form of relief requested.

reduction in appropriate circumstances." *United States v. Wallace*, 742 F. App'x 354, 356 (10th Cir. 2018).

On or about August 1, 2019, the defendant was arrested and charged with Possession with Intent to Distribute 50 Grams and More of Methamphetamine and Aiding and Abetting (Class A Felony). On January 22, 2020, Defendant pled guilty to the same. Doc. 19. The Presentence Investigation Report ("PSR"), which was disclosed to all parties, indicated that Defendant was not eligible for "safety valve" relief pursuant to U.S.C. §3353(f) because the offense involved the possession of four firearms. Doc. (21 at 12). The statutory provisions for the charged offense provided for a minimum term of imprisonment of 10 years and a maximum term of life. Doc. 21 at 7; *see* 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A).

Defendant reduced his exposure to incarceration by entering into a plea agreement (Doc. 19). On December 22, 2020, he was sentenced to 168 months, which is above the statutory minimum of 10 years (120 months) but below the guideline imprisonment range for Defendant, which based on his offense level of 38 combined with a criminal history category of I, resulted in a guideline imprisonment range of 235 months to 293 months. Doc. 32; Doc. 21 (PSR) at 10.

As indicated above, the charged offense occurred on August 1, 2019. Based on this date of arrest, the 2018 edition of the United States Sentencing Commission Guidelines Manual was used (PSR paragraph 23). The 2018 edition incorporated the changes/reductions in base offense levels in U.S.S.G. §2D1.1 that took effect in 2014 under Amendment 782. In other words, Defendant has already received the benefit of the sentence reductions available under Amendment 782 and so his motion his denied with respect to this requested relief.

**II.    Relief is Not Available Under the BOP Non-Violent Offender Relief Act**

Defendant also seeks relief under the BOP Non-Violent Offender Act of 2003, H.R. 3575 (108th).  However, this bill was introduced on November 24, 2003 (H.R.3575 (108th), but was not enacted into law.  Without a legal basis for relief, Defendant's request must be denied.

**THEREFORE,**

**IT IS ORDERED** that the following motions are DENIED:

(1) Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) in Light of Retroactive Effect of Amendment 782 **(Doc. 35)**; and

(2) Defendant's Motion for Sentence Release Under the Federal Bureau of Prisons ("BOP") Non-Violent Offender Relief Act of 2002 **(Doc. 36)**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE