# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                                                                                             Criminal No. 20-245-WJ

**SERGIO ALBERTO ORNELAS-ORTEGA**,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING *PRO SE* MOTION FOR SENTENCE REDUCTION

**THIS MATTER** comes before the Court upon inmate Sergio Alberto Ornelas-Ortegas's *pro se*[1] "Motion for Modification of Sentence Pursuant to 18 USC § 3582(c)(2) for Retroactive Amendment 821 — Part A," filed September 27, 2024 (**Doc. 40**). The United States filed a Response in Opposition (**Doc. 41**). After reviewing the filings and applicable law, the Court finds it lacks jurisdiction to modify Ornelas-Ortega's sentence. His request for a sentence reduction is, therefore, **DISMISSED without prejudice**.

### BACKGROUND

The Court takes this overview from previous Memorandum Opinion and Order (**Doc. 38**) describing Ornelas-Ortega's case.

> On or about August 1, 2019, the defendant was arrested and charged with Possession with Intent to Distribute 50 Grams and More of Methamphetamine and Aiding and Abetting . . . . On January 22, 2020, Defendant pled guilty to the same. The Presentence Investigation Report ("PSR") . . . indicated that Defendant was not eligible for "safety valve" relief pursuant to . . . § 3353(f) because the offense involved the possession of four firearms. The statutory provisions for the charged

---

[1] Because Ornelas-Ortega appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading generously. *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.). The Court does not, however, act as his advocate. *See James v. Wadas*, 742 F.3d 1312, 1315 (10th Cir. 2013).

>offense provided for a minimum term of imprisonment of 10 years and a maximum term of life. Defendant reduced his exposure to incarceration by entering into a plea agreement. On December 22, 2020, he was sentenced to 168 months, which is above the statutory minimum of 10 years (120 months) but below the guideline imprisonment range for Defendant, which based on his offense level of 38 combined with a criminal history category of I, resulted in a guideline imprisonment range of 235 months to 293 months.

*Id.* **at 2** (cleaned up); *see also United States v. Ornelas-Ortega*, No. 20-cr-245, 2022 U.S. Dist. LEXIS 78367, at *2–3 (D.N.M. Apr. 29, 2022) (same).

The Presentence Report ("PSR") indicates Ornelas-Ortega was in criminal history category I at the time of sentencing. *See* **Doc. 21 at ¶ 37**. Of note, the PSR determined his criminal history score was zero. **Doc. 21 at ¶¶ 35–40**. Ornelas-Ortega's criminal history shows no "juvenile adjudication(s)" or "adult criminal conviction(s)." *Id.* **at ¶¶ 35 & 36**. Practically, this means his criminal history cannot be lowered. As explained below, this is dispositive.

## APPLICABLE LAW

Amendment 821 provides sentencing relief based on new criminal history calculations. In Part A, the Commission altered the "status points" provision. Under prior versions of USSG § 4A1.1(d) (2010 ed.), two points were added if a defendant committed the instant offense while under a criminal justice sentence. Now, just one point is added—but ***only if*** the defendant receives seven or more criminal history points. *See* USSG §§ 4A1.1(e) (2023 ed.).

These changes were retroactive (meaning they provide courts with a valid statutory reason to modify a sentence). *See* U.S. SENT'G GUIDELINES MANUAL AMEND. 821 (U.S. Sent'g Comm'n 2023); 88 Fed. Reg. 60534 (Sept. 1, 2023); 28 U.S.C. § 994(o); 18 U.S.C. § 3582(c)(2). Despite the Amendment's retroactivity, a defendant must be eligible for relief. Unless eligibility is established, this Court cannot modify a previously imposed sentence. *See, e.g., United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021); *United States v. White*, 765 F.3d 1240, 1250 (10th Cir.

2014); *United States v. Womack*, 883 F.3d 1237, 1242 (10th Cir. 2016). Whenever a court determines a defendant is ineligible for a sentence reduction, dismissal of the § 3582(c)(2) motion for lack of jurisdiction is appropriate. *See United States v. Gilchrist*, 752 F. App'x 681, 683 (10th Cir. 2019) (unpublished) (citing *White*, 765 F.3d at 1250).

## DISCUSSION

Here, Ornelas-Ortega seeks relief under Amendment 821 based on an alleged change in his criminal history score. He "believe[s] that [he] qualif[ies] for the two-point reduction for . . . 'status points.'"[2] **Doc. 40 at 1**. But this is incorrect.

As stated above, Ornelas-Ortega's criminal history score was zero at the time of sentencing. *See* **Doc. 21 at ¶ 37** ("The total criminal history score is zero. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I."). As a result, there were no "status points" applied under USSG § 4A1.1(d).

Ornelas-Ortega's advisory Guidelines sentencing range was not lowered by Amendment 821. Rather, as the United States points out: "Defendant's criminal history category . . . does not change" and his "guideline range . . . remains the same." **Doc. 41 at 2**. This means Ornelas-Ortega is ineligible for relief. *See United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (explaining eligibility requires proof that a criminal defendant was "sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

---

[2] Because the motion clearly cites to "status points" and "Part A" of Amendment 821, the Court does not address any claim for relief as a zero-point offender under Part B. *See* USSG § 4C1.1(a)(1)–(11); *see also* **Doc. 41 at 3 n.1** (arguing Ornelas-Ortega is not eligible under Part B).

The Court's conclusion that Ornelas-Ortega's sentence was not lowered by the Sentencing Commission means he is ineligible for a sentence reduction under Amendment 821. And because the Court concludes Ornelas-Ortega is not eligible, that means the Court lacks jurisdiction. *See White*, 765 F.3d at 1250; *United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022); *United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821 (10th Cir. 2016) (unpublished).

Finally, because the Court lacks jurisdiction, there is no need to discuss the § 3553(a) factors. *Cf. United States v. Summers*, 652 F. App'x 609, 610 (10th Cir. 2016) (unpublished).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Ornelas-Ortega's *pro se* Motion (**Doc. 40**) for a sentence reduction is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The sentence imposed (**Doc. 32**) on December 22, 2020, remains in effect. Once again, the Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of the sentence. *See id.* **at 2**.

**IT IS SO ORDERED.**

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE